FRANCIS M. SPECK ON BEHALF OF HIMSELF AND OTHER MEMBERS OF THE NEW BERN POLICE DEPARTMENT AND INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, LOCAL 150 v. CITY OF NEW BERN, NORTH CAROLINA, L. MACON TOLER, CHIEF OF POLICE OF THE NEW BERN POLICE DEPARTMENT, MAYOR E. H. RICKS, CITY MANAGER J. C. OUTLAW, ALDERMEN TOM I. DAVIS, BENJAMIN B. HURST, GRAHAM D. BIZZELL, PETE D. CHAGARIS, AND AUGUSTINE PINER, JR.

No. 723SC43

(Filed 24 May 1972)

Municipal Corporations § 11— probationary period of policeman — beginning — dimissal without cause

The twelve-month probationary period during which a police officer of the City of New Bern could be dimissed by the Chief of Police without cause and without a hearing began on the date on which he began to serve as an officer, not on the date of his conditional appointment to that position by the Board of Aldermen "subject to his release from the Marine Corps and his passing the required physical examination."

APPEAL by plaintiff from *Rouse, Judge,* 26 July 1971 Session of CRAVEN Superior Court.

Plaintiff instituted this action to restrain defendants from dismissing plaintiff from the New Bern City Police Department. Temporary restraining order was denied. The plaintiff moved for summary judgment. Judgment was entered denying injunctive relief and dismissing the action.

The facts in this case are free from substantial dispute. The plaintiff while on active duty with the United States Marine Corps applied for a position as a member of the New Bern City Police Department. On 6 January 1970, the New Bern City Board of Aldermen, acting on a recommendation of the Civil Service Board, appointed plaintiff to the position of police officer "subject to his release from the Marine Corps and his passing the required physical examination." Plaintiff was subsequently released from the Marine Corps. He passed the required physical examination on 13 February 1970 and reported for duty as a police officer on 16 February 1970. When plaintiff reported for duty on 16 February, he signed a statement acknowledging that he must reside within the corporate limits of the City of New Bern during the course of his employment and that his employment would be in a probationary status during the initial twelve months.

Sometime prior to 22 January 1971, plaintiff removed his residence to a location several miles outside the New Bern City Limits. On 22 January 1971 plaintiff was suspended from the police department until he resumed his residence within the City of New Bern. On 31 January 1971 plaintiff was dismissed from the police department by order of the Chief of Police without a hearing. The order of the Chief of Police was based on his authority under the Charter of the City of New Bern to dismiss any newly appointed officer without cause and without a hearing, during the initial twelve months of his employment.

The trial court found that the dismissal of plaintiff was proper. Judgment was entered dismissing plaintiff's action.

From this judgment, plaintiff appeals.

*Robert G. Bowers for plaintiff appellant.*

*Ward & Ward by A. D. Ward for defendant appellees.*

CAMPBELL, Judge.

Plaintiff contends that it was error for the trial court to find that his dismissal without cause or a hearing was proper.

Plaintiff argues that the 12-month probationary period, during which he could be dismissed without cause or hearing, should be computed from the date of his conditional appointment by the Board of Aldermen and not from the date he actually reported for duty. If plaintiff is correct, then his dismissal would have been after the probationary period and it would therefore be improper unless for cause and after a hearing.

The authority of the Chief of Police to dismiss an officer without cause is set forth in the Charter of the City of New Bern (Charter), Chapter F, Section 3(e) which provides that:

". . . From the date of his selection by the Board of Aldermen, each new appointee to the police department shall serve in a probationary status for a period of twelve (12) months, during which said period the officer may be dismissed by the Chief of Police, with or without cause. The officer so dismissed shall have no opportunity for a hearing before the Civil Service Board, or otherwise, on the subject of his dismissal."

The crucial question in this case is whether plaintiff's probationary period began on 6 January 1970, the date of his conditional appointment or on 16 February 1970, the date on which he began to serve.

Defendants argue that plaintiff's appointment on 6 January, 1970 was conditioned upon plaintiff's discharge from the Marine Corps and his passing the required physical examination. It is argued that plaintiff's appointment was conditional and did not become effective until the conditions were fulfilled and he began work.

It is the opinion of this Court that plaintiff's probationary status began on the date he began to serve and continued for twelve months thereafter.

The applicable provisions of the Charter provide that the appointee "shall *serve* in probationary status for a period of twelve months . . . ." (Emphasis added.) Among the myriad of definitions for the word "serve" is found the following: ". . . d: to hold an office: discharge a duty or function: act in a capacity. . . ." Webster's Third New International Dictionary, Unabridged (1968). Plaintiff did not begin to act in the capacity of police officer or function as such until he reported for duty on 16 February 1970.

The purpose of a probationary period of employment is to allow the employer's supervisors to observe and evaluate the employee's performance and determine if it is acceptable. This was the obvious legislative intent behind this provision of the Charter. Our construction of the Charter gives effect to the legislative intent.

To hold otherwise, would allow one to obtain an appointment to the police department and then delay reporting for duty months or even a year thereby impairing or nullifying the valid purpose behind the requirement of a probationary period.

It should also be noted that when plaintiff reported for duty he signed a statement dated 16 February 1970, in which he acknowledged that his employment was to be in a probationary status during the first twelve months.

For the above reasons we hold that plaintiff's probationary status was to run from the date he reported for duty, 16 February 1970. Plaintiff was dismissed on 31 January 1971, at which time he was still serving in a probationary status and the dismissal was proper.

Plaintiff has also challenged the validity of the requirement that City employees live within the corporate limits of New Bern. In view of our holding that plaintiff's dismissal, without cause, was proper, we do not reach this question.

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.